[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14851
Non-Argument Calendar

_____

D. C. Docket No. 04-03497-CV-RLV

SAMUEL D. SAUNDERS,

Plaintiff-Appellant,

versus

ED VOYLES CHRYSLER, INC.,
ED VOYLES AUTOMOTIVE GROUP, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 25, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Samuel Saunders, a Caucasian male, appeals from a jury verdict for Ed Voyles Chrysler, Inc. and Ed Voyles Automotive Group, Inc. (Voyles). Saunders alleges that Voyles retaliated against him by ordering him to repay a past-due salary advance and firing him after he complained that dealership employees used racial slurs and supervisors threatened two black employees with pay cuts. On appeal, we consider whether the district court abused its discretion when it excluded deposition testimony as redundant, refused to admit a letter into evidence on authentication grounds, and limited the cross-examination of a witness. We also examine whether the district court improperly instructed the jury concerning Saunders' claim or the law governing retaliation, or erred on the special verdict form.

First, Saunders argues the district court abused its discretion by excluding deposition testimony of four witnesses as cumulative evidence. *See Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004) (reviewing a district court's evidentiary rulings for abuse of discretion). Even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. All four witnesses for whom Saunders sought to introduce deposition excerpts testified at

2

trial.  Furthermore, the court explicitly noted that Saunders could use the excerpts for impeachment purposes if the witnesses contradicted earlier testimony.  The district court did not abuse its discretion by ruling that the deposition excerpts were cumulative and would constitute a waste of time if read into the record.

Saunders also objects to the district court's refusal to admit a letter written to the EEOC by Voyles' prior counsel when the witness on the stand did not recognize the letter.  The court did not abuse its discretion by excluding the letter for insufficient authentication.  *See Conroy*, 375 F.3d at 1232.

Saunders argues the district court abused its discretion by limiting the cross-examination of a witness about a different letter that had already been admitted into evidence.  Even if the limitation of the cross-examination was improper, Saunders did not make an offer of proof as to what information the continued questioning would elicit. The district court's choice to allow the jury to review the letter rather than permit questioning was not an abuse of discretion.  *See Conroy*, 375 F.3d at 1232.

Finally, Saunders argues the district court erred in the jury instructions and special verdict form.  Saunders raises two preserved objections to the jury instructions, the use of "harassment" instead of "discriminatory practice," and the failure to mention the threatened pay cuts.  The district court instructed the jury

generally that retaliation for "opposing unlawful employment practices" included discriminatory treatment of employees based on race. The jury had heard the facts Saunders presented explaining his complaints were based on both the racial slurs and threatened pay cuts. It found his complaints were not a motivating factor in any adverse employment action. Although the district court improperly instructed the jury on a defense that only applies in sexual harassment cases, Saunders has not demonstrated he was prejudiced by the error. *See Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1295-96 (11th Cir. 2000) (reviewing jury instructions *de novo* but reversing only if the instructions misstated the law or misled the jury and prejudiced the party).

The remainder of Saunders' arguments were not presented to the district court and are reviewed for plain error: (1) that the jury should not have considered whether Voyles had a policy against harassment or whether Saunders had followed that policy and (2) that the jury should not have been limited to finding termination as the adverse employment action. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329, 1330-31 (11th Cir. 1999) (reviewing verdict form and jury instructions together under a plain error standard for unpreserved objections). Although the jury ultimately found that Saunders' complaints did not comply with Voyles' anti-harassment policy, it also found his complaints about harassment

4

were not a motivating factor in any adverse employment action. Even if the special verdict's question about Voyles' harassment policy was error, the jury found he was not fired because of his complaints. Second, the district court's instruction to the jury regarding an adverse employment action was correct; any problem in the verdict form was simply an omission of one of plaintiff's theories. Saunders failed to insist the district court include one of his theories of the case, that the cutting of the cash advance was an adverse employment action. Finally, Saunders fails to show any error was "so fundamental as to result in a miscarriage of justice." *Maiz v. Virani*, 253 F.3d 641, 676 (11th Cir. 2001) ("Reversal for plain error in the jury instructions or verdict form will occur only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice"). Accordingly, we affirm the jury's verdict.

    **AFFIRMED.**